UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICHARD HENDERSON, DIANE                    )
LINNENBRINGER, LOUELLA PONDER,              )
RONALD REISS, CHRISTY WEHNER, MONA          )
LISA WEILER, KATHLEEN ZERWIG, SANDRA        )
AKINS, LORI BEAUCHAMP, JAMES BLECHLE,       )
FRANCES COLLINS, ROBERT COMTE, GAIL         )
COX, PAULA DUKEMAN, LEROY GIDLEY,           )
YVONNE HANEI, DELORES JELINEK,              )
RAYMOND KNIGHT, AMY RAYFEILD,               )
CAROLYN RENAUD, MICHAEL RENAUD,             )
RICHARD SLOUGH, RENA SPRAUL, DANA           )          **JURY DEMANDED**
FLEIG, CHARLES MARK STEWART,                )
VIRGINIA MARTIN, KATHRYN NAEGLER,           )
JUDY GRASS, VINCENT BAHR, SANDRA            )          Case No. 4:10cv1503 AGF
BOLAND, DEBORAH SCHLIMME,                   )
LARRY STOTLER, VICKY WOLK,                  )
MARY ADAMS, JESSICA ASHE, DALE BAHR,        )
SANDRA BEDWELL, DAVID CAMBRON               )
JOANN CHRISTOPHER, THOMAS CLARK,            )
KRISTINA COFFMAN, WILLIAM COOMER,           )
CLYDE DUVALL, CONNIE ESSMYER,               )
JOSEPH ESSMYER, DONNA EVANS, LORREN         )
GUGEL, DEAN GRIESHABER, JOHN HERZOG,        )
JULIE HUTSON, LARA MANCHE, KIM              )
MCDONALD, ROBERT MCDONALD,                  )
HERMAN MYER, THOMAS MOLL, MARK              )
PATRICK, RANDY PORTER, JOHN ROBERTS,        )
CARLA SCHREMP, DIANE STAFFEN, DEANE         )
STUEVE, CRAIG WINKLER,                      )
BRADLEY BOLAND, STEPHANIE BOLAN,            )
CONNIE PARMLEY,                             )
                                            )
and                                         )
                                            )
UNITED STEEL, PAPER AND FORESTRY,           )
RUBBER MANUFACTURING, ENERGY,               )
ALLIED INDUSTRIAL AND SERVICE               )
WORKERS INTERNATIONAL UNION,                )
Local 400G,                                 )
                                            )

| | |
|---|---|
| and | ) |
| | ) |
| | ) |
| UNITED STEEL, PAPER AND FORESTRY, | ) |
| RUBBER MANUFACTURING, ENERGY, | ) |
| ALLIED INDUSTRIAL AND SERVICE | ) |
| WORKERS INTERNATIONAL UNION, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BILTBEST PRODUCTS, INC., | ) |
| a Missouri corporation, | ) |
| | ) |
| and | ) |
| | ) |
| TIMOTHY D. STOKES, Trustee | ) |
| of Biltbest Products, Inc. 401(k) plan | ) |
| | ) |
| TIMOTHY D. STOKES, an individual, | ) |
| | ) |
| Defendants. | ) |

### SECOND AMENDED COMPLAINT FOR
### <u>INJUNCTIVE RELIEF AND OTHER RELIEF</u>

Come now plaintiffs, by and through their attorneys, and for their cause of action against

defendants state:

1.  Plaintiffs Richard Henderson, Diane Linnenbringer, Louella Ponder, Ronald Reiss,

Christy Wehner, Mona Lisa Weiler, Kathleen Zerwig, Sandra Akins, Lori Beauchamp, James

Blechle, Frances Collins, Robert Comte, Gail Cox, Pamela Dukeman, Leroy Gidley, Yvonne

Hanei, Delores Jelinek, Raymond Knight, Amy Rayfield, Carolyn Renaud, Michael Renaud,

Richard Slough, Rena Spraul, Dana Fleig, Charles Mark Stewart, Virginia Martin, Kathryn

Naeger, Judy Grass, Vincent Bahr, Sandra Boland, and Deborah Schlimme, Larry Stotler, Vicky

Wolk, Mary Adams, Jessica Ashe, Dale Bahr, Sandra Bedwell, David Cambron, Joann

Christopher, Thomas Clark, Kristina Coffman, William Coomer, Clyde Duvall, Connie Essmyer, Joseph Essmyer, Donna Evans, Lorren Gugel, Dean Grieshaber, John Herzog, Julie Hutson, Lara Manche, Kim McDonald, Robert McDonald, Herman Meyer, Thomas Moll, Mark Patrick, Randy Porter, John Roberts, Carla Schremp, Diane Staffen, Deane Stueve, Bradley Boland, Stephanie Bolan, Connie Parmley and Craig Winkler ("employee plaintiffs") are individuals residing in Missouri.

2.   Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union Local 400G ("union plaintiff") is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185.

3.   Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("International union") is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185.

4.   Defendant Biltbest Products, Inc. ("Biltbest") is a Missouri corporation that conducts business within this judicial district.   Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11) and (12), of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1002(5), (11)  and (12).

3

5.   Defendant Timothy D. Stokes is an individual residing in Missouri in this judicial district.  At all material times, Stokes has been the sole trustee of the Biltbest 401k plan.

6.   Further, at all material times, Stokes has been an owner and the sole officer and director of Biltbest.

7.   This Court has jurisdiction over this case pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), as this is a civil action brought by a participant for relief under ERISA §§ 502(a)(1), (2) and (3), 29 U.S.C. §§ 1132(a)(1), (2) and (3); and pursuant to LMRA § 301(a), 29 U.S.C. §185(a), as this is a civil action to enforce the employer's obligations under a collective bargaining agreement.  The Court specifically has jurisdiction over Stokes, as an individual, to impose civil liability for acts which violate 18 U.S.C. §664.  *See, Painters District Council No. 2 v. Artisan Decorators, Inc.*, Case No. 91-1626-C-3, slip op. at 4 (E.D. Mo. April 1, 1992) (copy attached).

8.   At all material times, the employee plaintiffs have been employed by Biltbest.

9.   At all material times, the plaintiff union has been the exclusive bargaining representative of the employee plaintiffs and certain other employees of Biltbest.

10. At all material times, defendant Biltbest has been signatory to and bound by a collective bargaining agreement with the plaintiff union ("the collective bargaining agreement").

11. Under the terms of the collective bargaining agreement, Biltbest is required to, *inter alia,* provide a tax-qualified pension plan with a cash or deferred arrangement within the meaning of Section 401(k) of the Internal Revenue Code, 26 U.S.C. § 401(k) ("401(k) Plan") for its employees represented by plaintiff union, to offer those same employees group health insurance and to withhold and pay union dues to the International union.

12.  At all material times, defendant Biltbest has sponsored and administered the 401(k) Plan.

13. At all material times, defendants Biltbest and Stokes have been fiduciaries of the 401(k) Plan.

14. The 401(k) Plan provides for Elective Deferral contributions and Roth Contributions by employees.

15.  Article 21.02 of the collective bargaining agreement and the terms of the 401(k) Plan require that Biltbest provide a 100% matching contribution of employees' Elective Deferral contributions to the 401(k) Plan, up to a maximum of 4% of an employee's base wages.    In addition, participants are eligible for profit-sharing contributions in accordance with the terms of the 401(k) Plan.

16. Defendants, under the direction and control of Stokes, have announced that they will no longer administer and provide the 401(k) Plan, allegedly effective June 18, 2010.

17. From on or about June 18, 2010, employee plaintiffs are no longer able to withdraw funds from their 401(k) accounts, or access their 401(k) accounts by computer, nor were they issued their quarterly statement in July 2010.  It is not clear whether employee plaintiffs will be able to roll over their 401(k) accounts into individual retirement accounts.

18. On information and belief, some employee 401(k) contributions that were collected from June 11, 2010 forward have been refunded by defendants.

19. By discontinuing the 401(k) Plan, defendants have breached the terms of the 401(k) Plan and of the collective bargaining agreement.

20.   Employee plaintiffs Mona Lisa Weiler, Sandra Akins, Vincent Bahr, Lori Beauchamp, James Blechle, Sandra Boland, David Cambron, Frances Collins, Robert Comte, Gail Cox, Paula Dukeman, Joseph Essmyer, Donna Evans, Yvonne Hanei, Richard Henderson, John Herzog, Raymond Knight, Delores Jelinek, Diane Linnenbringer, Virginia Martin, Thomas Moll, Kathryn Naeger, Louella Ponder, Amy Rayfield, Ronald Reiss, Carolyn Renaud, Michael Renaud, John Roberts, Deborah Schlimme, Richard Slough, Charles Stewart, Christy Wehner, Leroy Gidley and Kathleen Zerwig were participants in the 401(k) Plan until its demise on or about June 18, 2010.

21. Under the terms of Article 9, §9.02 of the collective bargaining agreement, Biltbest, under the direction and control of Stokes, is required to pay a portion of the premiums for group health insurance for employees represented bargaining unit plaintiff union and to withhold the employee portion of the contributions from employee pay checks and timely remit them to the insurance company.

22. Since on or about June 1, 2010, the Biltbest medical insurance through United Healthcare has been cancelled.

23. Nevertheless, Biltbest, under the direction and control of Stokes, withheld the employee portion of health insurance contributions from employee pay checks through on or about August 1, 2010.  It is not clear, however, whether defendants have remitted the employee premiums to the insurance company; or remitted to the insurance company the employer portion of the premiums.

24. Defendants did not advise plaintiff employees that their health insurance was ceasing. As a result, plaintiff employees Richard Henderson, John Herzog, Julie Hutson, Raymond

Knight, Delores Jelinek, Diane Linnenbringer, Lara Manche, Virginia Martin, Robert McDonald,

Herman Meyer, Thomas Moll, Kathryn Naeger, Mark Patrick, Louella Ponder, Randal Porter,

Amy Rayfield, Ronald Reiss, Michael Renaud, John Roberts, Deborah Schlimme, Carla

Schremp, Richard Slough, Rena Apraul, Charles Stewart, Larry Stotler, Deane Steuve, Christy

Wehner, Craig Winkler, Mona Lisa Weiler, Stephanie Boland, Connie Parmley and Kathleen

Zerwig continued to contract for medical and pharmaceutical as though they were covered by

group health insurance.

25. On or about August 11, 2010, Biltbest notified employees that it had eliminated the

medical insurance effective August 1, 2010.

26. Under the terms of Article 19.01 of the collective bargaining agreement, Biltbest,

under the direction and control of Stokes, is required when it has a valid dues authorization to

withhold union dues from the pay checks of employees represented by plaintiff union and remit

those dues to the International union.

27. Since on or about November 2009, Biltbest, under the direction and control of Stokes,

has withheld union dues from employee pay checks but has failed to remit those dues to the

International union.  Biltbest has not submitted dues reports for the months of November and

December 2009, but it has submitted dues reports without payment for the months of January

through June 2010.  For the period of January 2010 through June 2010, Biltbest, under the

direction and control of Stokes, has collected $11,755.48 of union dues which it has retained for

itself, rather than remit to the International union.

28. Defendants did not advise plaintiff employees that they were no longer forwarding

dues payments to the International union.  As a result, all the employee plaintiffs have had

money taken from their paychecks for the purpose of paying union dues, but then used for another purpose. Moreover, defendants have caused these employee plaintiffs to be in violation of their union membership requirements and in danger of loss of union membership or penalties for failure to timely pay dues.

29. Under state law, Biltbest, under the direction and control of Stokes, is required to withhold from employee pay checks amounts designated in court orders for child support and garnishments and remit those amounts to the court system to pay out.

30. Biltbest, under the direction and control of Stokes, has withheld child support and garnishment payments but has failed to remit the child support and garnishment payments to the court system. Employee plaintiffs William Coomer, John Roberts and Larry Stotler have been adversely impacted by this action on behalf of defendants.

31. Biltbest, under the direction and control of Stokes, has failed to pay employee plaintiffs wages for services rendered.

32. Defendants are required to pay employee plaintiffs on the Friday of each week.

33. Defendants paid the wages due October 15, 2010 on October 20, 2010.

34. Defendants have failed to pay the wages due October 22, 2010.

35. Upon information and belief, defendants will fail to pay the wages due October 29, 2010.

**COUNT I: Defendants' Discontinuation of the 401(k) Plan Denies Plaintiffs Benefits**

36. Plaintiff unions and plaintiffs Richard Henderson, Diane Linnenbringer, Louella Ponder, Ronald Reiss, Christy Wehner, Mona Lisa Weiler, Kathleen Zerwig, Sandra Akins, Lori Beauchamp, James Blechle, Frances Collins, Robert Comte, Gail Cox, Pamela Dukeman, Leroy

Gidley, Yvonne Hanei, Delores Jelinek, Raymond Knight, Amy Rayfield, Carolyn Renaud, Michael Renaud, Richard Slough, Rena Spraul, Dana Fleig, Charles Mark Stewart, Virginia Martin, Kathryn Naegler, Judy Grass, Vincent Bahr, Sandra Boland, and Deborah Schlimme, Larry Stotler, Vicky Wolk, Mary Adams, Jessica Ashe, Dale Bahr, Sandra Bedwell, David Cambron, Joann Christopher, Thomas Clark, Kristina Coffman, William Coomer, Clyde Duvall, Connie Essmyer, Joseph Essmyer, Donna Evans, Lorren Gugel, Dean Grieshaber, John Herzog, Julie Hutson, Lara Manche, Kim McDonald, Robert McDonald, Herman Meyer, Thomas Moll, Mark Patrick, Randy Porter, John Roberts, Carla Schremp, Diane Staffen, Deane Stueve and Craig Winkler repeat and reallege the allegations set forth in paragraphs 1 through 35 above.

37. Defendants, under the direction and control of Stokes, discontinued the 401(k) plan in violation of their obligation under §21.01 of the collective bargaining agreement, in violation of LMRA § 301(a), 29 U.S.C. §185(a).

38. Defendants' discontinuation of the 401(k) plan has denied the employee plaintiffs benefits of the 401(k) Plan in violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

39. As a direct and proximate result of defendants' breaches, the employee plaintiffs have suffered losses, including lost investment income and interest, for which defendants are liable, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

40. Absent immediate action by the Court restoring the status quo, it is uncertain whether employee plaintiffs will be legally entitled to roll over the proceeds of their 401(k) accounts.  If the employee plaintiffs are unable to roll over the contents of their 401(k) accounts, they will suffer irreparable harm.

41. Plaintiffs will have no adequate remedy at law unless defendants are ordered to recommence the 401(k) plan before the employees lose their entitlement to roll over the contents of their 401(k) accounts.

WHEREFORE, plaintiffs pray:

(a) That this Court enter an injunction requiring defendants to reestablish the 401(k) Plan and restore all benefits to the employee plaintiffs and similarly situated others;

(b) That this Court enter an award for attorney's fees and costs incurred by plaintiffs pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1);

(c) That this Court award such other and further relief as the Court may deem appropriate.

## COUNT II:  Defendants Breached Their Fiduciary Duties

42. Plaintiff unions and plaintiffs Richard Henderson, Diane Linnenbringer, Louella Ponder, Ronald Reiss, Christy Wehner, Mona Lisa Weiler, Kathleen Zerwig, Sandra Akins, Lori Beauchamp, James Blechle, Frances Collins, Robert Comte, Gail Cox, Pamela Dukeman, Leroy Gidley, Yvonne Hanei, Delores Jelinek, Raymond Knight, Amy Rayfield, Carolyn Renaud, Michael Renaud, Richard Slough, Rena Spraul, Dana Fleig, Charles Mark Stewart, Virginia Martin, Kathryn Naegler, Judy Grass, Vincent Bahr, Sandra Boland, and Deborah Schlimme, Larry Stotler, Vicky Wolk, Mary Adams, Jessica Ashe, Dale Bahr, Sandra Bedwell, David Cambron, Joann Christopher, Thomas Clark, Kristina Coffman, William Coomer, Clyde Duvall, Connie Essmyer, Joseph Essmyer, Donna Evans, Lorren Gugel, Dean Grieshaber, John Herzog, Julie Hutson, Lara Manche, Kim McDonald, Robert McDonald, Herman Meyer, Thomas Moll,

Mark Patrick, Randy Porter, John Roberts, Carla Schremp, Diane Staffen, Deane Stueve and Craig Winkler repeat and reallege the allegations set forth in paragraphs 1 through 35 above.

43. By discontinuing the 401(k) Plan, defendants breached their fiduciary duties by (a) failing to discharge their duties with respect to the 401(k) Plan solely in the interest of participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the 401(k) Plan, as required by ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), (b) failing to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, as required by ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), and (c) failing to discharge their 401(k) Plan duties in accordance with the documents and instruments governing the 401(k) Plan, as required by ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

44. As a direct and proximate result of defendants' breaches, the employee plaintiffs have suffered losses, including lost investment income and interest, for which defendants are liable, pursuant to ERISA § 409, 29 U.S.C. § 1109.

WHEREFORE, plaintiffs pray:

     (a)    That this Court enter an order declaring that defendants have breached the terms of the 401(k) Plan and that plaintiffs are entitled to fully enforce all rights under the 401(k) Plan and the applicable ERISA provisions;

     (b)    That this Court enter an order declaring that defendants have breached their fiduciary duties in violation of ERISA § 404, 29 U.S.C. § 1104;

11

(c)     That this Court enter an award for attorney's fees and costs incurred by plaintiffs pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1);

(d)     That this Court award such other and further relief as the Court may deem appropriate.

## COUNT III:  Defendants' Discontinuation of the Group Health Plan Denies Plaintiffs Benefits and Constitutes Conversion

45. Plaintiff unions and plaintiffs Richard Henderson, John Herzog, Julie Hutson, Raymond Knight, Delores Jelinek, Diane Linnenbringer, Lara Manche, Virginia Martin, Robert McDonald, Herman Meyer, Thomas Moll, Kathryn Naeger, Mark Patrick, Louella Ponder, Randal Porter, Amy Rayfield, Ronald Reiss, Michael Renaud, John Roberts, Deborah Schlimme, Carla Schremp, Richard Slough, Rena Apraul, Charles Stewart, Larry Stotler, Deane Steuve, Christy Wehner, Craig Winkler, Mona Lisa Weiler, Stephanie Boland, Connie Parmley and Kathleen Zerwig repeat and reallege the allegations set forth in paragraphs 1 through 35 above.

46. Defendants discontinued the group health plan in violation of their obligation under §9.02 of the collective bargaining agreement, in violation of LMRA § 301(a), 29 U.S.C. §185(a).

47. Biltbest, under the direction and control of Stokes, continued deducting employee premiums for medical insurance from the wages of its employees up to on or about August 1, 2010, even though it was no longer providing the employees with the benefit of group medical insurance, apparently retaining the assets for its own use.

48. Stokes is therefore individually liable for the illegal taking of employee premiums for non-existent medical insurance.

49. As a direct and proximate result of defendants' conduct, employee plaintiffs are without medical insurance and therefore, are suffering irreparable harm because they foregoing or being denied preventative and necessary health care services.

50. Plaintiffs have no adequate remedy at law.

WHEREFORE, plaintiffs pray:

(a)     That this Court enter an injunction requiring defendants to reestablish the group medical insurance and restore all benefits to the employee plaintiffs and similarly situated others;

(b)     That this Court order defendants, jointly and severally, to compensate employee plaintiffs for all medical and pharmaceutical claims incurred in the interim as though the group medical insurance had been in place;

(c)     That this Court enter an award for attorney's fees and costs incurred by plaintiffs; and

(d)     That this Court award such other and further relief as the Court may deem appropriate.

## COUNT IV:   Defendants' Failure to Remit Union Dues Constitutes Conversion

51. Plaintiff unions and all employee plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 35 above.

52. Biltbest, under the direction and control of Stokes, has continued deducting union dues from the wages of its employees, even though it ceased remitting those dues to the International union beginning for the period of November 2009.

53. Stokes is therefore individually liable for the illegal taking of employee wages apparently for the use of Biltbest.

54. As a direct and proximately result of defendants' conduct, plaintiffs have suffered losses.

WHEREFORE, plaintiffs pray:

    (a)    That this Court order defendants, jointly and severally, to pay to the International union all dues collected for the period of November 2009 to date;

    (b)    That this Court order defendants, jointly and severally, to pay to the International union interest at the maximum lawful rate on all dues collected but not remitted for the period of November 2009 to date;

    (c)    That this Court require Biltbest to make dues payments in the future on a timely basis in accordance with the terms and conditions of the collective bargaining agreement;

    (d)    That this Court enter an award for attorney's fees and costs incurred by plaintiffs; and

    (e)    That this Court award such other and further relief as the Court may deem appropriate.

**<u>COUNT V:  Defendants' Failure to Remit Union Dues Could Deny Plaintiffs the Benefits of Union Membership</u>**

55. Plaintiff unions and plaintiffs Richard Henderson, Diane Linnenbringer, Louella Ponder, Ronald Reiss, Christy Wehner, Mona Lisa Weiler, Kathleen Zerwig, Sandra Akins, Lori Beauchamp, James Blechle, Frances Collins, Robert Comte, Gail Cox, Pamela Dukeman, Leroy

Gidley, Yvonne Hanei, Delores Jelinek, Raymond Knight, Amy Rayfield, Carolyn Renaud, Michael Renaud, Richard Slough, Rena Spraul, Dana Fleig, Charles Mark Stewart, Virginia Martin, Kathryn Naegler, Judy Grass, Vincent Bahr, Sandra Boland, and Deborah Schlimme, Larry Stotler, Vicky Wolk, Mary Adams, Jessica Ashe, Dale Bahr, Sandra Bedwell, David Cambron, Joann Christopher, Thomas Clark, Kristina Coffman, William Coomer, Clyde Duvall, Connie Essmyer, Joseph Essmyer, Donna Evans, Lorren Gugel, Dean Grieshaber, John Herzog, Julie Hutson, Lara Manche, Kim McDonald, Robert McDonald, Herman Meyer, Thomas Moll, Mark Patrick, Randy Porter, John Roberts, Carla Schremp, Diane Staffen, Deane Stueve, Bradley Boland, Stephanie Bolan, Connie Parmley and Craig Winkler repeat and reallege the allegations set forth in paragraphs 1 through 35 above.

56. Biltbest, under the direction and control of Stokes, has continued deducting union dues from the wages of its employees, even though it ceased remitting those dues to the International union beginning for the period of November 2009.

57. By not remitting union dues to the International union since October 2009, and not informing plaintiffs of this fact, defendants have caused plaintiffs to fall substantially behind in the requirement of paying union dues and have eliminated the income source for the union plaintiff.

58. Absent immediate action by the Court restoring the status quo, this failure by plaintiffs to timely pay union dues, as a result of defendants' misconduct, poses an imminent threat to the plaintiffs' ability to enjoy the benefits of their union membership by eliminating the services that can be provided by the union plaintiff and causing the union plaintiff to cease to

exist. Failure to maintain the benefits of union membership will cause plaintiffs to suffer irreparable harm.

59. This irreparable harm is the direct and proximate cause of defendants' conduct.

60. Plaintiffs will have no adequate remedy at law unless defendants are ordered to remit their union dues before their union ceases to exist or provide services.

WHEREFORE, plaintiffs pray:

(a)     That this Court enter an injunction requiring defendants, jointly and severally, to pay to the International union all dues collected for the period of November 2009 to date;

(b)     That this Court enjoin Biltbest to make dues payments in the future on a timely basis in accordance with the terms and conditions of the collective bargaining agreement;

(c)     That this Court enter an award for attorney's fees and costs incurred by plaintiffs; and

(d)     That this Court award such other and further relief as the Court may deem appropriate.

## COUNT VI:  Defendants' Failure to Make Court-Ordered Payments Causes Irreparable Harm and Constitues Conversion

61. Plaintiffs William Coomer, John Roberts and Larry Stotler repeat and reallege the allegations set forth in paragraphs 1 through 35 above.

62. Biltbest, under the direction and control of Stokes, has deducted employee child support and garnishment payments from the wages of its employees, even though it is no longer remitting those amounts to the courts, apparently retaining the assets for its own use.

63. Stokes is therefore individually liable for the illegal taking of employee wages.

64. Defendants' actions have directly and proximately caused employee plaintiffs William Coomer, John Roberts and Larry Stotler to be in violation of court orders regarding child support and garnishments, which may cause them to be held in contempt of court and otherwise suffer irreparable harm.

65. Plaintiffs have no adequate remedy at law.

WHEREFORE, plaintiffs pray:

    (a)    That this Court enter an injunction requiring defendants, jointly and severally, to pay to the appropriate courts all amounts deducted from employee wages for child support and garnishments;

    (b)    That this Court require Biltbest to make child support and garnishments payments in the future on a timely basis, according to court order and state law; and

    (c)    That this Court award such other and further relief as the Court may deem appropriate.

## COUNT VII:Defendants Breached the Collective Bargaining Agreement

66. Plaintiff unions and plaintiffs Richard Henderson, Diane Linnenbringer, Louella Ponder, Ronald Reiss, Christy Wehner, Mona Lisa Weiler, Kathleen Zerwig, Sandra Akins, Lori Beauchamp, James Blechle, Frances Collins, Robert Comte, Gail Cox, Pamela Dukeman, Leroy

Gidley, Yvonne Hanei, Delores Jelinek, Raymond Knight, Amy Rayfield, Carolyn Renaud, Michael Renaud, Richard Slough, Rena Spraul, Dana Fleig, Charles Mark Stewart, Virginia Martin, Kathryn Naegler, Judy Grass, Vincent Bahr, Sandra Boland, and Deborah Schlimme, Larry Stotler, Vicky Wolk, Mary Adams, Jessica Ashe, Dale Bahr, Sandra Bedwell, David Cambron, Joann Christopher, Thomas Clark, Kristina Coffman, William Coomer, Clyde Duvall, Connie Essmyer, Joseph Essmyer, Donna Evans, Lorren Gugel, Dean Grieshaber, John Herzog, Julie Hutson, Lara Manche, Kim McDonald, Robert McDonald, Herman Meyer, Thomas Moll, Mark Patrick, Randy Porter, John Roberts, Carla Schremp, Diane Staffen, Deane Stueve and Craig Winkler repeat and reallege the allegations set forth in paragraphs 1 through 35 above.

67.  Biltbest, under the direction and control of Stokes, has failed to maintain the 401(k) Plan in accordance with the collective bargaining agreement, in violation of Article 21.02 of the collective bargaining agreement, thereby giving rise to a cause of action against the defendants pursuant to LMRA § 301,  29 U.S.C. § 185.

68. Defendants' failure to maintain the group health insurance plan for employee plaintiffs violates Article 9.02 of the collective bargaining agreement, thereby giving rise to a cause of action against the defendants pursuant to LMRA § 301,  29 U.S.C. § 185.

69. Defendants' withholding from employee paychecks of union dues and failure to remit those dues to the International union violates Article 19.01 of the collective bargaining agreement, thereby giving rise to a cause of action against the defendants pursuant to LMRA § 301,  29 U.S.C. § 185.

70. Defendants' conduct is the direct and proximate cause of the breach of the collective bargaining agreement and resulting harm to plaintiffs.

WHEREFORE, plaintiffs pray the Court as follows:

(a)     For an order declaring that defendants have breached the terms of the collective bargaining agreement and that plaintiffs are entitled to fully enforce all rights under the terms thereof and the applicable LMRA provisions;

(b)     For an order of restitution and judgment in favor of plaintiffs and against defendants as to all sums found to be due and owing;

(c)     That this Court enter an award for attorney's fees and costs incurred by plaintiffs; and

(d)     For any such other relief as the Court deems just and proper in the premises.

### COUNT VIII:  Defendants' Failure to Pay Wages Constitutes Conversion

71. Plaintiff unions and all employee plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 31 above.

72. Biltbest, under the direction and control of Stokes, has failed to pay employee plaintiffs wages for services rendered.

73. Defendants are required to pay employee plaintiffs on the Friday of each week.

74. Defendants paid the wages due October 15, 2010 on October 20, 2010.

75. Defendants have failed to pay the wages due October 22, 2010.

76. Upon information and belief, defendants will fail to pay the wages due October 29, 2010.

77. As a direct and proximately result of defendants' conduct, plaintiffs have suffered losses.

WHEREFORE, plaintiffs pray:

(a)     That this Court order defendants, jointly and severally, to pay all wages owed for the period of October 22, 2010 to date;

(b)     That this Court require Biltbest to pay wages in the future on a timely basis in accordance with the terms and conditions of the collective bargaining agreement;

(c)     That this Court enter an award for attorney's fees and costs incurred by plaintiffs; and

(d)     That this Court award such other and further relief as the Court may deem appropriate.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
7730 Carondelet Avenue, Suite 200
St. Louis, Missouri  63105
Phone: (314) 727-1015
Fax:     (314) 727-6804


/s/ Sherrie A. Schroder
SHERRIE A. SCHRODER, #4307
MICHAEL A. EVANS, #534636
Attorneys for Plaintiffs


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 28, 2010, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system for service upon defendants' counsel, Tom McCarthy and John Rennick, 2730 N. Ballas Rd., Suite 200, St. Louis, MO  63131.


/s/ Sherrie A. Schroder